UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenneth Steven Daywitt and
Kenneth Gernard Parks,

Plaintiffs,

v.

Minnesota Department of
Human Services, et al.,

Defendants.

Case No. 16-cv-0648 (WMW/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**

This matter is before the Court on the January 27, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel. (Dkt. 37.) Plaintiffs are civilly committed individuals in the Minnesota Sex Offender Program who previously were involved in a sexual relationship. Plaintiffs filed this action seeking monetary and injunctive relief, alleging that Defendants' decision to deny Plaintiffs' request to be roommates violated their civil rights. Specifically, Plaintiffs allege that Defendants' denial of their roommate request violated (1) Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, *et seq.*; (2) the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01, *et seq.*; (3) the equal protection clause of the United States Constitution, U.S. Const. amend. XIV, § 1, and the equivalent protections under the Minnesota Constitution, Minn. Const. art. I, § 2; and (4) Title III of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000b, *et seq.* The R&R recommends granting Defendants'

motion to dismiss Plaintiffs' complaint with prejudice. No objections to the R&R have been filed.

In the absence of timely objections, this Court reviews an R&R for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having conducted a careful review, the Court finds no clear error as to the R&R's recommendation that the Court lacks subject-matter jurisdiction over Plaintiffs' request for monetary damages. Plaintiffs also fail to state a claim on which relief can be granted under Titles II and III of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a, *et seq.*, 2000b, *et seq.*; and the equal protection clause of the United States Constitution, U.S. Const. amend. XIV, § 1, and the equivalent protections under the Minnesota Constitution, Minn. Const. art. I, § 2.

The Court modifies the R&R, however, as it pertains to Plaintiffs' claim that Defendants violated the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et seq.* When a district court dismisses all pending federal claims, it need not exercise jurisdiction over the remaining state-law claims. A district court instead should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Because the Court dismisses each of Plaintiffs' federal claims, the Court declines to exercise jurisdiction over Plaintiffs' claim under the Minnesota Human Rights Act.

Finally, the Court adopts as modified the R&R's recommendation that this matter be dismissed with prejudice. A dismissal with prejudice operates as an adjudication on the merits. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). The dismissal of a complaint traditionally is without prejudice unless the complaint is so deficient or defective that it cannot be cured. *See, e.g.*, *Wolff v. Bank of New York Mellon*, 997 F. Supp. 2d 964, 980 n.8 (D. Minn. 2014). Here, only Plaintiffs' claims under the Civil Rights Act of 1964 and the Minnesota Constitution are fatally flawed. Neither Title II nor Title III of the Civil Rights Act of 1964 protects against claims of discrimination based on sexual orientation. *See* 42 U.S.C. §§ 2000a, *et seq.*, 2000b, *et seq.* (both prohibiting discrimination on the basis of race, color, religion, or national origin). And 42 U.S.C. § 1983 does not provide a private right of action under the Minnesota Constitution. *See Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). For these reasons, the Court dismisses with prejudice only Plaintiffs' claims pursuant to the Civil Rights Act of 1964 and the Minnesota Constitution, and dismisses without prejudice the remaining claims.

## ORDER

Based on the R&R, the foregoing analysis, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The January 27, 2017 R&R, (Dkt. 37), is **ADOPTED AS MODIFIED**;

2. Defendants' motion to dismiss, (Dkt. 29), is **GRANTED**, and Plaintiffs' complaint is **DISMISSED** as follows:

   a. Count I is **DISMISSED WITH PREJUDICE**;

    b.       Count II is **DISMISSED WITHOUT PREJUDICE**;

    c.       Count III, to the extent that it asserts a claim under the Equal Protection Clause of the United States Constitution, U.S. Const. amend. XIV, § 1, is **DISMISSED WITHOUT PREJUDICE**;

    d.       Count III, to the extent that it asserts a claim for a violation of the Minnesota Constitution, Minn. Const. art. I, § 2, is **DISMISSED WITH PREJUDICE**; and

    e.       Count IV is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 20, 2017

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge